DORA GREEN *vs.* ABRAHAM SKLAR.

Suffolk.    March 16, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Practice, Civil,* Costs.    *Constitutional Law.    Words,* "Reduce."

Under R. L. c. 203, § 9, which provides that when two or more cases are tried together the presiding judge may reduce the witness fees and other costs, but that " not less than the ordinary witness fees and other costs recoverable in one of the cases which are so tried together shall be allowed," the judge in his discretion may reduce the costs in such a way as to leave no costs in some of the cases, if he leaves the aggregate amount not less than the costs recoverable in any one of the cases.

R. L. c. 203, § 9, which, when cases are tried together, gives the presiding judge power in his discretion to reduce the costs in such a way as to leave no costs in some of the cases, is not unconstitutional, as depriving a plaintiff thus losing his costs of the equal protection of the laws, or for any other reason.

KNOWLTON, C. J.    The R. L. c. 203, § 9, is as follows: "If two or more cases are tried together in the Supreme Judicial Court, in the Superior Court or in a police, district or municipal court, the presiding judge may reduce the witness fees and other costs; but not less than the ordinary witness fees and other costs recoverable in one of the cases which are so tried together shall be allowed."

This is an action of tort brought by the plaintiff in the Municipal Court for the City of Boston, and, after judgment for the defendant, appealed by the plaintiff to the Superior Court, and there tried with another action against the same defendant, brought by Jacob Green, the husband of the plaintiff.    In each action there was a verdict for the plaintiff in the sum of $1. The costs taxed for the plaintiff in this action are $40.89, and those taxed for the plaintiff in the other action are $239.84, of which $188.75 are for witnesses.    The defendant moved for a reduction of costs under the statute.    The presiding judge disallowed all costs of the plaintiff in this action ; and the plaintiff appealed from the order.

The first question is whether, in applying the statute, the judge may consider the costs of the different cases together as one aggregate, and reduce them to an amount "not less than the

ordinary witness' fees and other costs recoverable in one of the cases "; or, whether he is to consider the costs of each case by itself, and make the reduction in each case separately. If he is limited to the latter mode, he cannot extinguish or disallow the costs altogether in any case, for the word " reduce," in its ordinary signification, does not mean to cancel, destroy or bring to naught, but to diminish, lower or bring to an inferior state. We think the words above quoted indicate that, in reducing the costs, the amount in all the cases together is to be considered and reduced. This makes it possible for the judge, in his discretion, to reduce them in such a way as to leave nothing in some of the cases, providing he leaves in the aggregate an amount not less than the largest sum recoverable in any of the cases.

Ordinarily we should expect the reduction to be so made as to leave something to be recovered in each of the cases. But the statute does not compel this. In the present case the judge may have found that the relations of the two plaintiffs to each other as husband and wife were such that no injustice would be done by the order which he made. The record shows no error of law in his decision.

The plaintiff contends that the statute is unconstitutional; but we know of nothing in the Constitution of the Commonwealth, or in the Constitution of the United States, which prevents the Legislature from enacting that, at least in certain classes of cases, the prevailing party to a suit in court shall recover nothing from the other for his costs.

Nor can it be contended successfully that the plaintiff is deprived of the equal protection of the laws. While the statute provides that costs may be reduced when two or more cases are tried together, the law applies to all cases that come within the prescribed class, and it does not make an arbitrary distinction. The classification rests upon a difference which bears a reasonable and just relation to the subject in respect to which the classification is made. See *Connolly* v. *Union Sewer Pipe Co.* 184 U. S. 540, 560.

*Order affirmed.*

*E. M. Shanley,* for the plaintiff.
*A. K. Cohen & S. Bamber,* for the defendant.