FERDINAND DUMIANE *vs.* FALL RIVER GAS WORKS
COMPANY.

CELINA DUMIANE *vs.* SAME.

STONESCOLNOS FOREST *vs.* SAME.

LUCY FOREST *vs.* SAME.

Bristol.    October 26, 1909. — November 29, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil,* Costs, Cases tried together.

By order of a judge of the Superior Court, several cases against the same defend-
ant were tried together and verdicts were rendered for the several plaintiffs.
The same counsel appeared for all of the plaintiffs.    The defendant filed a
motion "that only one set of costs be allowed the plaintiffs."    The clerk of the
court made a taxation of costs in the several cases, allowing but one set of wit-
ness fees and taxable disbursements, though writ fees, attorneys' fees, term fees,
and travel and attendance were allowed in each of the cases.    The plaintiffs
appealed from the clerk's taxation and the presiding judge made the following
finding in a letter addressed to the clerk: "I see no reason why your original
taxation should not be affirmed. . . . Please enter finding affirming your taxa-
tion."    The taxation was affirmed accordingly, and both the plaintiffs and the
defendant appealed.    *Held,* that the order of the judge must be treated as a re-
duction of the witness fees under R. L. c. 203, § 9, which provides that, in case
of actions so tried together, the presiding judge "may reduce the witness fees
and other costs; but not less than the ordinary witness fees and other costs
recoverable in one of the cases . . . shall be allowed;" and that the appeals
must be dismissed.

APPEAL from a taxation of costs in four actions of tort against
the same defendant, which were tried together by order of *Ray-
mond,* J.    Verdicts were returned for the plaintiffs on December
19, 1907.    The defendant on November 18, 1908, filed a motion
in one of the cases "that only one set of costs be allowed the
plaintiffs covering this case and the other cases tried with it."
On November 19, 1908, the clerk taxed the costs, allowing but
one set of witness fees and taxable disbursements to the plaintiffs
in the consolidated cases, though writ fees, attorneys' fees, term
fees, and travel and attendance were allowed in each of the
cases.    The plaintiffs appealed from the taxation, and the appeal
was heard by *Raymond,* J., upon an agreed statement of facts,
material portions of which are stated in the opinion.    On Feb-

ruary 12, 1909, the judge wrote to the clerk, "In matter of taxation of costs in *Dumiane* v. *Fall River Gas Works*, I have examined carefully letters and citations of parties and see no reason why your original taxation should not be affirmed. I understand also that the practice of so taxing is uniform in the counties of the State. Please enter finding affirming your taxation." The clerk thereupon made the entry on the docket, "Taxation affirmed."

The plaintiffs and the defendant appealed.

*D. R. Radovsky*, for the plaintiffs.

*J. M. Morton, Jr.*, for the defendant.

KNOWLTON, C. J.    These are appeals from the taxation of costs in four cases which were consolidated and tried together in the Superior Court. The parties agreed that there were nineteen such cases, representing members of four different families, all founded on the same alleged act of negligence of the defendant gas company. The witnesses summoned on behalf of the plaintiffs were each paid witness fees and travel in only one case, although summoned upon a single subpœna to testify in all the cases. No agreement was made affecting their right to receive such fees as they were lawfully entitled to. Only one set of witness fees and taxable disbursements was allowed to the plaintiffs in the consolidated cases, although attorneys' fees, term fees, and fees for the writ and travel and attendance were allowed in each case. The only question argued is whether the plaintiffs are entitled to witness fees and similar allowances in each of the cases.

The case is covered by the R. L. c. 203, § 9, which is as follows: "If two or more cases are tried together in the Supreme Judicial Court, in the Superior Court or in a police, district or municipal court, the presiding judge may reduce the witness fees and other costs; but not less than the ordinary witness fees and other costs recoverable in one of the cases which are so tried together shall be allowed." The order appealed from in these cases was made by the judge, and it was in accordance with the usual practice. If otherwise the plaintiffs would have been entitled to witness fees in each case, this order must be treated as a reduction of these fees under the statute. The plaintiffs were all represented by the same counsel, and there

was no occasion for them, or either of them, to make any payment, or to incur any liability for witnesses, if they did incur any liability, which we do not intimate, beyond that necessary to procure the attendance of the witnesses at the single trial in which all the cases were heard together. The statute was intended to apply to such cases, and it has been construed liberally by this court. *Green* v. *Sklar*, 188 Mass. 363.

We do not intimate that, upon proof of the facts which appear on this record, the clerk could not properly disallow, in his original taxation, the fees certified to by the witnesses, beyond those allowable in a single case.

*Order of taxation affirmed.*