CAROLINA TEXTILE CORPORATION *vs.* EASTERN YARN COMPANY.

Middlesex.   October 5, 6, 1938. — December 8, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Contract,* Construction. *Sale,* Construction of contract of sale, Price.

After payment for goods purchased under a contract providing that if there should be "any reduction in" a certain processing tax assessable to the seller the "price herein stated" should be "correspondingly reduced," where the price so stated was a single sum per unit without a specification that part of it represented the tax, the purchaser was not entitled to recover from the seller the amount of the tax on the goods upon the taxing statute being held unconstitutional.

CONTRACT.   Writ in the District Court of Newton dated June 4, 1937.

490 CAROLINA TEXTILE CORP. v. EASTERN YARN CO. [304

There was a finding by *Quinn*, J., for the plaintiff on its declaration and for the plaintiff as defendant in set-off. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*L. Bryant*, for the defendant.

*J. B. Rintels*, for the plaintiff.

LUMMUS, J. This is an action to recover an uncontested claim amounting to $841.87. The defendant filed a declaration in set-off for the amount of the cotton processing tax upon goods bought by it on credit in September, 1935, from the plaintiff, under a contract which provided that "if there is any reduction in the cotton processing tax, the price, herein stated [for the goods bought], is to be correspondingly reduced." That tax, imposed under the agricultural adjustment act of May 12, 1933, c. 25, 48 U. S. Sts. at Large, 31, U. S. C. (1934 ed.) Title 7, § 601 *et seq.*, was held unconstitutional by the Supreme Court of the United States on January 6, 1936, in *United States* v. *Butler*, 297 U. S. 1, after the goods to which the set-off in the present case related had been paid for. It was not found that the plaintiff had paid the tax, nor, if the tax had been paid, that it had been refunded. The price for the goods doubtless was fixed after consideration of the tax, but it consisted of a single sum by the pound, without any express addition for the tax and without any specification of the amount by which it was made larger because of the tax. The judge found for the plaintiff, and the Appellate Division dismissed a report. The defendant appealed.

The tax was imposed upon the first domestic processor. We assume in favor of the appellant that the plaintiff was so taxed. At any rate, the defendant was not subject to the tax, and was not concerned with its validity or its payment. In the absence of contract relative to the tax, it would have to pay the price for the goods, and only the price, regardless of the existence or amount of the tax. *Heckman & Co. Inc.* v. *I. S. Dawes & Son Co. Inc.* 56 App. D. C. 213, 12 Fed. (2d) 154. *Golding Brothers Co. Inc.* v. *Dumaine*, 93 Fed. (2d) 162, 115 Am. L. R. 664, and note, certiorari denied 303 U. S. 660. *Cohen* v. *Swift & Co.* 95

Fed. (2d) 131, certiorari denied 304 U. S. 561. *Continental Baking Co.* v. *Suckow Milling Co.* 101 Fed. (2d) 337. *G. S. Johnson Co.* v. *N. Sauer Milling Co.* 148 Kans. 861. Any right of the defendant must depend upon the provision quoted from the contract.

It was held by a divided court in *Johnson* v. *Igleheart Brothers Inc.* 95 Fed. (2d) 4, certiorari denied 304 U. S. 585, that the annulment of the processing tax as unconstitutional was not a reduction of it. See also *Green* v. *Sklar,* 188 Mass. 363. The Act (§ 609) gave power to the Secretary of Agriculture to adjust the rate of the tax by increase or reduction, and very likely that was the change contemplated by the contract. But however this may be, we think that the contract did not contemplate a readjustment of the price after payment had been made and the transaction had been apparently terminated. *O'Connor-Bills, Inc.* v. *Washburn Crosby Co.* 20 Fed. Sup. 460. See also *Johnson* v. *Scott County Milling Co. Inc.* 21 Fed. Sup. 847.

*Order dismissing report affirmed.*